UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JACOB MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-181 |
| | § | |
| KLEBERG COUNTY TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS ACTION**

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972),

and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claims against Kleberg County and Judge Angelica Hernandez be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.   JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.   BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the Lockhart Work Facility in Lockhart, Texas.

On July 9, 2013, Plaintiff pled guilty to possession of marihuana and was sentenced to five years in the TDCJ-CID in Cause No. 05-CRF-0346 in the 105th Judicial District Court of Kleberg County, Texas. Defendant Angelica Hernandez was the presiding judge in that criminal proceeding. (D.E. 1, p. 12, copy of Judgment Adjudicating Guilt).

On September 13, 2013, Plaintiff participated in a Unit Parole Interview with Parole Officer A. Naudè. During this interview, the parole process was explained to Plaintiff and he was given the opportunity to discuss his offenses and sentencing information, as well as his overall criminal history. Plaintiff was also given the

opportunity to provide information regarding his current participation in or prior completion of existing programs, and to present evidence of any parole release plans that he wanted to include in his record to be reviewed by the voting Parole Board panel. (D.E. 1, p. 11).

At the September 13, 2013 parole meeting, Parole Officer A. Naudè informed Plaintiff that the 105th Judicial District Court of Kleberg County had placed a "hold" on him and had issued a bench warrant for his appearance. (D.E. 1, p. 4). On January 6, 2014, Plaintiff was transported back to Kleberg County on a bench warrant. (D.E. 1, p. 9, copy of Plaintiff's property inventory form evidencing his departure on a bench warrant). After Kleberg County realized its mistake, that Plaintiff had already been convicted and was serving his sentence, he was returned to TDCJ-CID custody on January 21, 2014. (D.E. 1, p. 10, offender intake inventory form evidencing Plaintiff's return to TDCJ-CID unit).

Plaintiff contends that the "mistake" of Kleberg County and Judge Hernandez in issuing the bench warrant that caused him to be returned to Kleberg County in January 2014 constituted an "illegal arrest and hold." (D.E. 1, p. 4). He claims that the hold adversely affected his parole eligibility and that he now requires "legal representation to bring me back on special review." (D.E. 1, p. 11). For relief, plaintiff wants suit filed on both parties, and an investigation into the corruption of Judge Hernandez and Kleberg County Jail. (D.E. 1, p. 11).

## III. DISCUSSION.

### A. Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

### B. Analysis.

#### (1) Mistakes are not constitutional violations.

In his complaint, Plaintiff himself characterizes the "hold" and January bench warrant as a "mistake," and acknowledges that, once the mistake was discovered, he was returned to prison.

The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life,

liberty, or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986). The Fifth Circuit has held in a number of contexts that allegations amounting to negligence cannot support a § 1983 claim. *See e.g. Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993) (no constitutional violation based on negligent medical care); *Hare v. City of Corinth,* 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim under § 1983); *Eason v. Thaler,* 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence cannot support § 1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); *Doe v. Taylor Indep. Sch. Dist.,* 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds,* 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the constitution.").

Defendants cannot be liable under § 1983 for the harm, if any, resulting from the negligent record-keeping or other procedures or processes that caused a hold to be placed on Plaintiff's parole file and a bench warrant issued for his appearance. Plaintiff's "illegal arrest" claim premised on Defendants' negligence fails to state a cognizable constitutional claim.

**(2)     No constitutional right to parole or early release.**

Moreover, to the extent Plaintiff speculates that Defendants' mistake caused him to be denied or delayed release to parole, he fails to state a constitutional violation. In Texas, inmates have no constitutionally protected right to parole or in the expectancy of an early release.  *Teague v. Quarterman,* 482 F.3d 769, 774 (5th Cir. 2007).  This allegation fails to state a cognizable constitutional violation.

**(3)     Judicial immunity.**

Finally, Plaintiff suggests that "corruption" played a role in his situation and he requests and investigation of Judge Hernandez and the Kleberg County Jail.  However, even if Plaintiff could demonstrate that Judge Hernandez made errors that caused him to be brought back to court and that such errors resulted in Plaintiff's constitutional rights being violated, Judge Hernandez is entitled to absolute judicial immunity.  *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) (noting that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action").   Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993).  Indeed, the alleged magnitude of the judge's alleged errors or the mendacity of his acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991).  Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A

judge's actions are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 11 (internal quotation omitted).

Here, Plaintiff makes a conclusory allegation of "corruption" as evidenced by a "mistake." (D.E. 1, p. 4). Plaintiff does not allege or describe any actions of Judge Hernandez that were non-judicial in nature. Judge Hernandez is entitled to judicial immunity.

## IV. RECOMMENDATION.

For the reasons stated above, it is respectfully recommended that Plaintiff's alleged constitutional claims against the named defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Respectfully submitted this 22nd day of July, 2014.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).